1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

DAUDA ILIYA,

Case No. 24-cv-03720-TSH

8

Plaintiff,

9

v.

**ORDER DISMISSING CASE FOR
FAILURE TO PROSECUTE**

10

UNITED STATES MARSHALS SERVICE,
et al.,

11

12

Defendants.

13

**I.   INTRODUCTION**

14

Plaintiff Dauda Iliya, who represents himself, brings this case against the United States

15

Marshals Service ("USMS"), alleging security officers at the entrance to the Ronald V. Dellums

16

Federal Courthouse in Oakland, California forced him to remove his religious cap.  Pending

17

before the Court is USMS's motion to dismiss Plaintiff's amended complaint.  ECF No. 29.  After

18

Plaintiff failed to file an opposition, the Court ordered him to show cause (the third show cause

19

order issued in this case) by April 21, 2025, why this case should not be dismissed for failure to

20

prosecute and failure to comply with court deadlines.  ECF No. 32.  The Court warned that the

21

case may be dismissed if he failed to respond.  As of today, no response has been received.

22

Based on the procedural history of this case, the undersigned finds it appropriate to dismiss

23

this case for failure to prosecute.  Accordingly, the Court **DISMISSES** this case **WITHOUT**

24

**PREJUDICE** for failure to prosecute and failure to comply with the Court's deadlines and

25

orders.[1]

26

27

28

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 7,
10, 34.

United States District Court
Northern District of California

## II.    BACKGROUND

Plaintiff states he "is a devout individual who, as part of his religious observance, wears a religious cap, which holds deep religious significance for him."  First Am. Compl. ¶ 7, ECF No. 28.  On March 17, 2023, Plaintiff visited the Ronald V. Dellums Federal Courthouse in Oakland, California, with the intention of filing documents with the Clerk of Court.  *Id*. ¶ 8.  Plaintiff states that when he approached the entrance of the courthouse, he encountered several U.S. Marshals stationed for security purposes.  *Id.* ¶ 9.  Upon noticing Plaintiff's religious cap, a U.S. Marshal informed him that he would not be permitted to enter the court Clerk's Office unless he removed the cap.  *Id.* ¶ 10.  Plaintiff explained that the cap was "a mandatory religious article that he wore for religious purposes and requested accommodation to retain the cap while conducting his business within the courthouse," but the U.S. Marshal insisted he could not proceed unless he removed the cap.  *Id.* ¶¶ 11-12.  As a result, Plaintiff "was effectively denied access to the court clerk's office to file his documentation on the stated date and time."  *Id.* ¶ 13.  On March 20, 2023, Plaintiff filed an administrative claim regarding the incident, which the USMS formally denied on December 19, 2023.  *Id*. ¶¶ 17-18.

Plaintiff filed this case on June 20, 2024, naming USMS and Does 1-10 as defendants. Compl., ECF No. 1.  Plaintiff alleged seven causes of action: (1) violation of his First Amendment rights, (2) violation of 41 C.F.R. § 102-74.445, (3) violation of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, et seq. ("RFRA"), (4) intentional infliction of emotional distress, (5) negligence, (6) discrimination or retaliation under Title VII, and (7) violation of his due process rights under the Fifth Amendment.  *Id.* ¶¶ 1, 34-88.

On September 9, 2024, USMS moved for dismissal, arguing the Court lacked subject matter jurisdiction over Plaintiff's claims.  ECF No. 11.  After Plaintiff failed to file an opposition, the Court ordered him to show cause by October 11, 2024, why this case should not be dismissed for failure to prosecute and failure to comply with court deadlines, as well as why Defendant's motion should not be granted.  ECF No. 13.  The Court warned that the case may be dismissed if

1    he failed to respond.  *Id*.  On October 11 Plaintiff filed an opposition.[2]  ECF No. 15.  On

2    December 20 the Court granted USMS's motion with leave to amend by January 21, 2025, as to

3    Plaintiff's First Amendment, Fifth Amendment, and RFRA claims for equitable relief.  ECF No.

4    23.

5         After Plaintiff failed to file an amended complaint or otherwise respond, the Court again

6    ordered him to show cause why this case should not be dismissed for failure to prosecute and

7    failure to comply with court deadlines.  ECF No. 24.  The Court again warned that the case may

8    be dismissed if he failed to respond.  *Id*.  After Plaintiff filed a response (ECF No. 25), the Court

9    discharged the show cause order and directed him to file an amended complaint by February 27,

10   2025.  ECF No. 27.

11        Plaintiff filed his amended complaint on February 27, alleging claims under the First and

12   Fifth Amendments and the RFRA.[3]  USMS again moved for dismissal.  ECF No. 29.  After

13   Plaintiff failed to file a response, the Court issued a third show cause order, directing Plaintiff to

14   show cause by April 21, 2025, why this case should not be dismissed for failure to prosecute and

15   failure to comply with court deadlines, as well as why USMS's motion should not be granted.

16   ECF No. 32.  The Court again warned that the case may be dismissed if he failed to respond.  *Id*.

17   No response has been received.

18

19

20   [2] Plaintiff also filed a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure
     55(b) (ECF No. 16), which the Court denied, as default had not been entered (ECF No. 19).
21   [3] In his amended complaint, Plaintiff states he "asserts claims individually and on behalf of all
     others similarly situated who may have been affected by Defendants' policies or practices
22   regarding religious attire seeks to represent a class of similarly aggrieved persons."  First Am.
     Compl. at 2.  However, a pro se plaintiff cannot pursue claims on behalf of others in a
23   representative capacity.  *See McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)
     (affirming the dismissal of a class action for lack of jurisdiction because a pro se plaintiff "has no
24   authority to appear as an attorney for others than himself"); *Morgovsky v. Adbrite, Inc.*, 2012 WL
     1595105, at *4 (N.D. Cal. May 4, 2012) (holding that a pro se plaintiff in a class action is barred
25   from pursuing claims on behalf of other class members in a representative capacity).  This follows
     from the legal principle that pro se litigants can represent themselves, but themselves only.  *Simon*
26   *v. Hartford Life, Inc.*, 546 F.3d 661, 664–64 (9th Cir. 2008) (applying the "general rule prohibiting
     pro se plaintiffs from pursuing claims on behalf of others in a representative capacity" including
27   class actions); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-
     attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for
28   others than himself." (internal quotation marks and citations omitted)).  Plaintiff therefore may not
     bring claims on behalf of a class.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

### III.  LEGAL STANDARD

2      The Court possesses the inherent power to dismiss an action sua sponte "to achieve the

3 orderly and expeditious disposition of cases."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33

4 (1962).  Dismissal nonetheless is a harsh penalty and should be used only in extreme

5 circumstances.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  In determining whether

6 dismissal is appropriate for the failure to comply with court orders or the failure to prosecute,

7 courts consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the

8 court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the

9 availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on

10 their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at

11 1260-61).  Dismissal is appropriate "where at least four factors support dismissal . . . or where at

12 least three factors 'strongly' support dismissal."  *Hernandez v. City of El Monte*, 138 F.3d 393,

13 399 (9th Cir. 1998).

14

### IV.  DISCUSSION

15      First, "[t]he public's interest in expeditious resolution of litigation always favors

16 dismissal."  *Pagtalunan*, 291 F.3d at 642 (internal quotations and citation omitted).  In view of

17 Plaintiff's failure to prosecute this matter and repeated failure to comply with court orders, this

18 factor weighs in favor of dismissal.

19      Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject

20 to routine noncompliance" of litigants.  *Id.* (citing *Ferdik*, 963 F.2d at 1261).  Moreover, "[t]he

21 trial judge is in the best position to determine whether the delay in a particular case interferes with

22 docket management and the public interest."  *Id.*  Plaintiff delayed adjudication of the claims in

23 this case, not only by failing to respond to USMS's first motion to dismiss in a timely manner and

24 by failing to file an amended complaint by the deadline, but also by failing to respond to the most

25 recent show cause order altogether.  Plaintiff's repeated failures have "consumed some of the

26 court's time that could have been devoted to other cases on the docket."  *Id.*  Therefore, this factor

27 also weighs in favor of dismissal.

28      Third, a defendant is prejudiced where the "plaintiff's actions impaired [the] defendant's

4

1    ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.*

2    (internal quotations and citation omitted).  While the "pendency of a lawsuit is not sufficiently

3    prejudicial in and of itself to warrant dismissal," the risk of prejudice is also related to the

4    plaintiff's reason for defaulting. *Id.* at 642-43.  Despite being given ample opportunity to do so,

5    Plaintiff has provided no explanation for his failure to respond to USMS's pending motion and

6    failure to respond to the third show cause order.  This failure to offer any explanation weighs in

7    favor of dismissal. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) ("[A]

8    presumption of prejudice arises from a plaintiff's unexplained failure to prosecute."); *Chico v.*

9    *Wells Fargo Bank*, 2020 WL 2494506, at *2 (N.D. Cal. May 14, 2020) (concluding that the

10    plaintiff's failure to provide any reason for the failure to prosecute "counsels in favor of

11    dismissal.").

12    Fourth, "a district court's warning to a party that failure to obey the court's order will

13    result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at

14    1262.  The Court has already attempted less drastic sanctions without success, including issuing

15    three show cause orders and giving Plaintiff multiple opportunities to explain the failure to

16    prosecute.  "Though there are a wide variety of sanctions short of dismissal available, the district

17    court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*,

18    651 F.2d 671, 674 (9th Cir. 1981).  Further, as Plaintiff failed to respond to the most recent show

19    cause order, another order requiring him to respond is likely to be futile. *See*, *e.g.*, *Gleason v.*

20    *World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal

21    appropriate where the court previously attempted the lesser sanction of issuing an order to show

22    cause and giving the plaintiff an additional opportunity to re-plead).  Moreover, the Court has

23    repeatedly warned Plaintiff of the risk of dismissal for failure to prosecute; thus, he cannot

24    maintain the Court failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva*

25    *v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) (citation omitted); *Ferdik*, 963 F.2d at 1262.  This

26    factor weighs in favor of dismissal.

27    Fifth, "the public policy favoring disposition of cases on their merits strongly counsels

28    against dismissal." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228

United States District Court
Northern District of California

1    (9th Cir. 2006) (citing *Hernandez*, 138 F.3d at 399).  "At the same time, a case that is stalled or

2    unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward

3    toward resolution on the merits."  *Id.*  Thus, "this factor 'lends little support' to a party whose

4    responsibility it is to move a case toward disposition on the merits but whose conduct impedes

5    progress in that direction."  *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).

6    Although this factor typically weighs against dismissal, Plaintiff has failed to move this case

7    toward disposition on the merits.  This factor is therefore neutral at best.

8                                                    **V.    CONCLUSION**

9            Based on the analysis above, the undersigned finds at least four of the five factors weigh in

10    favor of dismissal.  Plaintiff has repeatedly failed to comply with court deadlines, failed to respond

11    to USMS's pending motion to dismiss, and failed to respond to the Court's third show cause order.

12    Thus, Plaintiff failed to prosecute this case and dismissal is appropriate.  However, a less drastic

13    alternative is dismissal without prejudice, which both minimizes prejudice to a defendant and

14    preserves a plaintiff's ability to seek relief.  *See Ferdik*, 963 F.2d at 1262.  Thus, "[i]n an

15    abundance—perhaps overabundance—of caution," the Court finds dismissal without prejudice is

16    appropriate.  *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (remanding to

17    the district court to consider whether dismissal should have been without prejudice).  Accordingly,

18    the Court **DISMISSES** this case **WITHOUT PREJUDICE** for failure to prosecute and failure to

19    comply with the Court's deadlines and orders.

20            **IT IS SO ORDERED.**

21

22    Dated: May 5, 2025

23

24                                                                    THOMAS S. HIXSON
                                                                     United States Magistrate Judge

25

26

27

28

United States District Court
Northern District of California